117, 3172, Teresa Barber, City of Chicago May it please the Court, Counsel, my name is Sean Ryan and I represent the City of Chicago. First Commission, I would like to reserve two minutes of your time. You have five minutes in reply. In this case, the Circuit Court variant finding the Commission decision dated February 10, 2017, was against the manifesto rate of the evidence. Before you get into your prepared remarks, do you want to tell me a little bit about our jurisdiction? In this case? Yes. I'll tell the jurisdiction. Where do we get jurisdiction over this case? And what decision did the Circuit Court enter? The Commission gave no benefits, is that correct? Right, and the Circuit Court reversed that. Correct. And so where's the case? Did you remand it back to the Commission to do something? The Circuit Court's decision was not remanded back. So it's in complete order, it's not a final order? We received a final decision from the Circuit Court. I understand what you're asking. According to the Circuit Court decision, it was a final decision. Wait a minute, wait a minute. He can't make it a final order, either it is or it isn't. So now the Circuit Court reversed the Commission but never bothered to remand it back to the Commission. That is correct. So how do you have a final order? You can't, there's no method. Where's the case? Is it in limbo somewhere? It would appear so that without the Commission having a definitive answer on where to go and without the Circuit Court decision being as I understand, Your Honor, and all of us would assume to have been reversed and remanded. Well, even reversed and remanded, we still wouldn't have jurisdiction because you have to wait for the Commission to rule a second time. Correct. But what I'm wondering is that with the Circuit Court judge promptly issuing a remand, but then it did not go back to the Commission, the Commission just did not have any instruction or order, as you had said, to remand, to review and revise. So my question is, is the order that the Circuit Court entered even a final order? Is it a final appealable order? Or is it half an order? Yeah. It is a unipotent. Well, if it's not a final order, if it's not a final order, we have no jurisdiction. If he should have remanded it but didn't remand it, he has no final order. Had he remanded it, we still wouldn't have jurisdiction. I'm not speaking to the Circuit Court judge's mindset of why it didn't. I'm not worried about his mindset. You're the one that filed the appeal. We filed the appeal to ensure that we perfected an appeal. And we've told the workers' compensation bar a hundred times, when you do this to protect your interests, to make sure you don't blow your appeal, file a motion before us to have us adjudicate the jurisdiction without wasting the time of five judges to read records and then find out we only have jurisdiction to hear your appeal. I mean, I understand what you're protecting. The other thing you could have filed is a motion for leave to file an interlocutory appeal. We don't grant them, but at least you could have filed it. Counsel and I had gone back before the commission to try to determine where this action was, and it was our understanding that, as they had indicated, that since it wasn't remanded back to them, that it had to proceed. They couldn't do anything either. They couldn't do anything either. It had to proceed. And I understand Your Honor's frustration. It was not our doing as well. We were working with the decision that was provided by the circuit court as best we could to ensure that justice was dealt with in this case. So you're tacitly acknowledging there's a problem here? We're acknowledging that the circuit court judge's order said that ours had been delayed. And it's not final, is it? It's not going to be a final and appealable order. There's nothing there. Reversed for what? I understand. You know, when you get an order like this where the circuit court doesn't enter a complete order, you should file a motion, go back in front of the circuit court and tell them to do it right. In terms of proceeding on this, it's one where if your opposition is correct, that's exactly how we're going to best handle that. We've had to approach the circuit court judge and indicate to him we're instructed to go back to him that he needs to... Well, I have a question. You know, this is a winner-loser game. Law is, you know, and over there is the winner, right? Did you prevail? At the circuit court. The arbitration commission. So what are you telling us, that this whole thing is in limbo? I mean, you won, right? Are you looking? Yeah, I think so, because it looks to me right now, we'll take a brief recess, but it looks after you tell us what's going on here. After I received the circuit court order, I went to the arbitration court and said, you have to rule on this decision. It's a no-no on this hearing. I tried to explain to the commissioner that the side of the case, that what you're saying is a no-no on this appeal. But the court has to step back and say that there's no use. Okay. So what motions did you present before this court? I did not. Did anybody? We did not. We were based on what counsel was indicating when we appeared before the commission and were instructed that we had to go through this procedure, and it would be that if it was determined, it would then be sent down, it would be adjudicated, or it would be to the position, or someone could rule on it as it should have been, in the sense of if it was to go back to the commission or the circuit court, then that would occur. If not, then the appeal would have been. If we dismiss this appeal for warranted jurisdiction, we can't issue any orders at all. We have no jurisdiction. So if we dismiss it for warranted jurisdiction, it's up to you two to go back to the circuit court judge and say, hey, by the way, you reversed it, but you didn't remand it to the commission. Our case is in limbo until you remand it. I understand. Does that make sense? He's not lost jurisdiction because it's not a final word. I completely understand what counsel and I were in, in a position where it wasn't clear from those that we went to what exactly was the appropriate course of action. If your Honor are indicating that we should, counsel and I should appear back before the circuit court judge and make sure that it's remanded, thus commissioned, would that have proper jurisdiction? All we can do when we don't have jurisdiction is dismiss because we don't have jurisdiction. You can do anything. What you do thereafter is of no concern to this Court. Correct. It is just my confirming that it is your indication that this is in limbo.  Well, it's not in front of us in procedural limbo. It's in front of us with no jurisdiction. So at this point, I would like to take a short recess or just dismiss right now. Do you want to talk about this? Do you have a motion to present? I think dismiss right now. Your Honor, I would ask that the judges with jurisdiction alternatively ask for a circuit court decision. That's my preference. So you're waiving your arguments then? I am not waiving my argument, Your Honor. I would request that this Court, if the Court is determined it does not have jurisdiction, we request that it be remanded down to the circuit court to issue that. I don't think when you have no jurisdiction, the basic rule is you can't do anything, remand or whatever. No jurisdiction. I mean, it's like we have no jurisdiction. Okay? We dismiss the appeal. That's right. Once we dismiss the appeal, now you have a non-final order before the circuit court. You don't need a remand. You go back before the circuit court and say, hey, Judge, it was nice that you reversed them, but you left out the other half of the order. You didn't remand it back to the Commission. You got to remand it. And the two of you go in there with an agreed order to remand the thing to the Commission and you'll be in business. Thank you, Your Honor. Okay. Thank you. Okay. Okay. Very good. Will the Court please call the break?